UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                         CASE NO.   8:93-cr-209-T-23EAJ
                                                                       8:14-cv-719-T-23EAJ

RAYMOND CHARLES LEE
_____/

## O R D E R

Lee's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for one count of conspiracy to possess with intent to distribute cocaine and two counts of possession with the intent to distribute cocaine, for which offenses he serves life imprisonment.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").  Lee's motion to vacate is precluded as second or successive.

Lee's earlier challenge to this same conviction was rejected on the merits in 8:97-cv-2967-T-23EAJ.  This new action is, therefore, a second or successive action that is subject to specific restrictions.  Section 2255(h) provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

Lee fails to represent that the circuit court has granted him the necessary authorization.

Additionally, the motion to vacate is untimely.  Lee's conviction was final in 1997.  Lee recognizes that his motion to vacate is untimely under Section 2255(f)(1) if the one-year limitation is calculated from when the conviction became final.  Lee asserts entitlement to a new limitation under Section 2255(f)(3) based on the retroactive application of *Alleyne v. United States*, ___ U.S. ____, 133 S. Ct. 2151

(2013), which holds that any fact that increases the mandatory minimum sentence is an element of the offence that must be found beyond a reasonable doubt.

Lee serves a life sentence based on his earlier drug convictions. Both *Apprendi* and *Alleyne* specifically recognize that the existence of a prior conviction is an exception to this beyond-a-reasonable-doubt requirement, an exception established in *Almendarez–Torres v. United States*, 523 U.S. 224 (1998). *Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *Alleyne*, 133 S. Ct. at 2160 ("Because the parties do not contest [*Almendarez-Torres*]'s vitality, we do not revisit it for purposes of our decision today."). *See also United States v. Flowers*, 531 Fed. App'x 975, 985 (11th Cir. 2013) ("Flower's reliance on *Alleyne* is unavailing. *Alleyne* did not address prior-conviction sentencing enhancements. Instead, *Alleyne* merely extended the rationale of *Apprendi*, which itself noted that the Sixth Amendment did not require 'the fact of a prior conviction' to be submitted to a jury and proved beyond a reasonable doubt."). Moreover, *Alleyne* is not retroactive. *United States v. Harris*, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014). As a consequence, Lee cannot benefit under *Alleyne*.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as second or successive without permission. The clerk must close this case.

### DENIAL OF BOTH A
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Lee is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Lee must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Lee is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Lee must pay the full $455 appellate filing fee without installments unless the circuit court allows Lee to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on March 28, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE